UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

BENJAMIN OCHOA-NAVARRO,

               Defendant.

NO. CR-06-2196-EFS

**ORDER RULING ON DEFENDANT'S MOTION TO DISMISS**

On February 8, 2007, the Court held a pretrial conference in the above captioned matter.  Defendant appeared and was represented by Kristine Olmstead.  The United States was represented by James Hagarty. Before the Court was Defendant Benjamin Ochoa-Navarro's Motion to Dismiss (Ct. Rec. 20).  This Order memorializes and supplements the Court's oral ruling.

## I. Motion to Dismiss

A. Factual Background

In November of 1998, Defendant married Maribel Martinez, a citizen of the United States.  (Ct. Rec. 21 Ex. A.)  The couple has three children, all of whom are citizens of the United States.  On May 11, 2006, the Bureau of Immigration and Customs Enforcement ("ICE")

ORDER ~ 1

instituted removal proceedings against Mr. Ochoa-Navarro, alleging that he illegally reentered the United States on or after December 21, 2004. (Ct. Rec. 21, Ex. B.)  On July 5, 2006, the Defendant appeared before an Immigration Judge ("IJ") for a deportation hearing.  (Ct. Rec. 21 Ex. C.)[1] At that hearing, the IJ conducted various colloquies with a group of aliens, including the defendant, on the basis of the deportation.  The IJ also conducted a colloquy specifically designed to ascertain whether any of the defendants were eligible for certain forms of relief from deportation.[2]  It is undisputed that the IJ did not conduct a colloquy designed to determine whether the Defendant might be eligible for relief under § 212(h) of the Immigration and Nationality Act. (Ct. Rec. 21, Ex. C.); 8 U.S.C. §1182(h).

Mr. Ochoa-Navarro was removed; but was found to have returned to the United States a few days thereafter. (Ct. Rec. 21, Ex. D.) On July 13, 2006, the prior order of removal was reinstated, and Defendant was deported without further hearing.  (Ct. Rec. 21, Ex. E-F.)  This reinstatement of removal is charged in the current indictment against

---

[1] Counsel is advised that use of audio tapes is relatively cumbersome and time-consuming for this Court (or any other court) to review.  In the future, transcripts should be provided as a matter of course with any motion raising such issues, particularly here where there is no need to consider audible evidence in making the determination.

[2] The IJ addressed cancellation of removal for lawful permanent residents and non-permanent residents, adjustment of status, torture, and voluntary departure.

ORDER ~ 2

Defendant alleging violation of 8 U.S.C. § 1326. (Ct. Rec. 3.) Defendant moves to dismiss his Indictment on the grounds that the underlying deportation hearing of July 5, 2006 violated due process in a manner that prejudiced him, because the IJ failed to advise him of his potential eligibility for relief from removal under § 212(h).

B. Analysis

The text of 8 U.S.C. § 1326 permits collateral attack of the underlying deportation order if:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Typically in § 1326 cases challenging the validity of the underlying deportation, the Ninth Circuit has used a due process test to determine whether the deportation was proper. *United States v. Zarate-Martinez,* 133 F.3d 1194, 1197 (9th Cir. 1998) (holding that a collateral attack can be successful if the defendant demonstrates "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects."); *United States v. Ubaldo-Figueroa,* 364 F.3d 1042 (9th Cir. 2004). Assuming that Defendant successfully attacks the original removal order of July 5, 2006, as violating due process, the reinstated removal order would likewise be invalid as a basis for a criminal prosecution under 8 U.S.C. § 1326. *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d

ORDER ~ 3

1  1169, 1173 (9th Cir. 2001) (citing *United States v. Mendoza-Lopez*, 481

2  U.S. 828, 838-39 (1987)).

3      At the July 5, 2006 hearing, the Defendant waived his right to

4  appeal the removal findings of the IJ.  However, the government has the

5  burden to show by "clear and convincing evidence" that an alien's waiver

6  of right to appeal during an immigration hearing was "considered and

7  intelligent."  *United States v. Pallares-Galan*, 359 F.3d 1088, 1096-97

8  (9th Cir. 2004).   If a waiver of appeal is not "considered and

9  intelligent," then the Defendant has been deprived of his right to

10  judicial review.  *Id.* (citing 8 U.S.C. § 1326(d)(2)).

11      Failure of an IJ to sufficiently advise a Defendant of the rights

12  being waived, may render such a waiver invalid and subject to attack when

13  the deportation forms the basis of a criminal charge under § 1326.

14  *Pallares-Galan*, 359 F.3d at 1096-97.   In that case, the Ninth Circuit

15  held that the Defendant was deprived of due process in the deportation

16  hearing because the IJ "erroneously informed him that he was not eligible

17  for relief from deportation . . ."  *Id.* at 1096.

18      In this case, the claimed error is failure to ascertain that

19  Defendant may have been eligible for a waiver of inadmissibility under

20  § 212(h).   Unlike several of the other cases cited by the parties in

21  their submissions, it is undisputed in this case that the IJ *never*

22  *conducted any colloquy at all* on the subject of potential relief from

23  deportation by a § 212(h) waiver of inadmissibility. (Ct. Rec. 21, Ex.

24  C.)  Defendant claims that the facts of this case are materially similar

25  to those in *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.

26  2000).  In *Arrieta* the IJ's failure to inform the Defendant of potential

ORDER ~ 4

1  eligibility for a § 212(h) waiver was grounds for reversal of his
2  conviction under § 1326.   To collaterally attack a charge under § 1326,
3  the Defendant must show: (1) his due process rights were violated by
4  defects in his underlying deportation proceeding, and (2) he suffered
5  prejudice as a result of the defect." *Arrieta*, 224 F. 3d at 1079.

6      For the first prong of this test, the Court held that the failure
7  of the IJ to advise him of his eligibility for a § 212(h) waiver left him
8  unable to make a "considered and intelligent decision about his right to
9  appeal."   *Id.*   Because the alien could not make a waiver based on
10  ignorance, the failure to advise the defendant of potential relief was
11  a due process violation, which deprived the alien of meaningful review.
12  *Id.*  Like Mr. Arrieta, Mr. Ochoa-Navarro has a spouse and children that
13  are citizens; a fact that raises the possibility of a § 212(h) waiver.
14  However, unlike Mr. Arrieta, it is not clear that this fact was ever part
15  of the record presented to the IJ.

16      *Arrieta* does contain some caveats for the finding of a due process
17  violation in this context.   The Court noted that "where *the record*
18  contains an inference that the petitioner is eligible for relief from
19  deportation, the IJ must advise him of this possibility and give him the
20  opportunity to develop the issue." *Arrieta*, 224 F.3d at 1079 (emphasis
21  added)(citing *Moran-Enriquez v. INS*, 884 F.2d 420, 422-23 (9th Cir.
22  1989)).   Similarly, the Court found that the IJ "should have known" of
23  potential eligibility "since *the record* establishes that his mother is
24  a lawful permanent resident and that his daughter is a citizen."   *Id.*
25  It is not clear what *record* this refers to, but presumably it was the
26

ORDER ~ 5

record before the IJ, if the IJ should have known of the potential for waiver.

In Mr. Ochoa-Navarro's case, nothing in the record of this Court, submitted to show a record before the IJ, would indicate that the Defendant had a citizen spouse and children. Under a narrow reading of *Arrieta*, this might be fatal to defendant's motion. However, this Court finds it nonsensical to find a due process violation *only* if the alien makes a record sufficient to show that the IJ should have provided additional information on forms of relief potentially available to the alien. To do so would presume the alien both knew the law in advance and was clever enough to insert more facts to make a record apart from responding to direct questions by the IJ. This Court finds that the colloquys conducted by the IJ in this matter were simple and routine; and there is no reason that such a routine colloquy could not have been done on potnetial eligibility for a waiver under § 212(h). The failure of the IJ to conduct such a colloquy with the Defendant, Mr. Ochoa-Navarro, violated his due process rights. This satisfies the first prong of a defense to the § 1326 charge.

However, in order to grant Defendant's Motion to Dismiss, the Court must find that Mr. Ochoa-Navarro suffered "prejudice as a result of the defects." *Arrieta*, 224 F.3d at 1079. To satisfy this prong, Defendant must show that the ground for relief from deportation was "plausible." *Id.* (citations omitted). The government challenges this element for Mr. Ochoa-Navarro, and contents that his situation would not provide a plausible grounds for the § 212(h) waiver, as he does not qualify on several fronts.

One of the elements of a § 212(h) waiver is a showing of "extreme hardship." *Id.* at 1081. This showing cannot be made without concrete evidence of something more than "economic hardship and the difficulty of relocating . . ." *Id.* at 1082 (citing *United States v. Arce-Hernandez*, 163 F.3d 559, 564 (9th Cir. 1998)). In Mr. Arrieta's case, this showing was made through extensive documentation of "serious non-economic hardships." *Id.* Mr. Arrieta's mother was in "very poor health," and was "medically unable" to raise two young children. *Id.* For these citizen siblings then, Mr. Arrieta acted as caregiver. *Id.* With the result of deportation demonstrated to be disruption of family unity, by loss to the citizen children of their caregiver, the whole of the evidence submitted by Mr. Arrieta demonstrated the kind of serious non-economic hardships required to show extreme hardship. *Id.* at 1082-83 (citing *United States v. Jiminez-Marmolejo*, 104 F. 3d 1083, 1085 (9th Cir. 1996) as "finding a plausible ground for relief where the alien's entire family lived in the United States and the alien suffered from borderline retardation").

Although the evidence submitted in this case is moving, it does not satisfy the "something more" required to establish the extreme hardship outlined in *Arrieta*. There is no evidence of the defendant supplying support to the family beyond ordinary economic and emotional support. For example, the Defendant is not a primary caregiver, nor is his support relied on by a disabled family member (as in *Arrieta*), and the Defendant is not himself disabled (as in *Jiminez-Marmolejo*). The emotional impact on Mr. Ochoa-Navarro's citizen spouse and children includes physical symptoms surrounding their grief and loss of their family member. Nevertheless, these impacts are present for virtually every defendant

sentenced by this court under § 1326, except for the rare case where a defendant has no parents, spouse or children.  Unfortunately, this is the rule, and not an exception.  Mindful that this Court is charged with applying the law of the United States--and not writing it--the Court finds that the Defendant did not show prejudice because his case does not show extreme hardship.

3.  Conclusion

    In sum, the Court finds that the failure of the IJ to conduct a colloquy designed to ascertain whether or not the Defendant might be eligible for a waiver under § 212(h) violated his right to due process, and opens his deportation hearing to collateral attack under 8 U.S.C. § 1326. However, Defendant cannot show that he was prejudiced by this violation of his right to due process, because he has not established that his removal would result in "extreme hardship" to his family, as the hardship demonstrated is of a sort suffered by all families remaining in the United States when an alien family member is deported.

    Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss **(Ct. Rec. 20)** is **DENIED.**

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel.

    **DATED** this 13th day of February 2007.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge




Q:\Criminal\2006\2196.dismiss.2.wpd


ORDER ~ 8